UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WILLIAM MCKNIGHT,<br><br>                              Plaintiff,<br><br>v.<br><br>SNOPES MEDIA GROUP, INC.,<br><br>                              Defendant. | Case No.:  24cv762-RBM (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO CONTINUE THE EARLY NEUTRAL EVALUATION [ECF NO. 10]** |

On September 10, 2024, Plaintiff Daniel William McKnight ("Plaintiff") filed an ex parte motion to continue the Early Neutral Evaluation ("ENE") conference scheduled for September 13, 2024.  (ECF No. 10 ("Motion").)  In it, Plaintiff explains that attending the ENE in person would be a great hardship since he received "an urgent assignment from the New York Post" that required him to be in Nashville, Tennessee for at least two more days from the date he filed his motion.  (ECF No. 10-2 at 2.)  He further explained that the assignment is a "significant opportunity . . . both professionally and financially, . . . [which he could not] simply abandon without repercussions to [his] career and employment."  (Id.)  Plaintiff's counsel explains that he made several attempts to confer with counsel for Defendant Snopes Media Group, Inc. ("Defendant"), but Defendant's counsel objected to the continuance.  (ECF No. 10-1 at 2.)

Although Magistrate Judge Michael S. Berg's Chambers Rules ordinarily allow the opposing party to an ex parte motion to file an opposition by 5:00 p.m. on the following business day, the Court does not believe that Defendant's opposition is necessary to rule on the Motion here, especially since the ENE is only two days away.  See Honorable Michael S. Berg U.S. Magistrate Judge Civil Chambers Rule VII.  "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  Dietz v. Bouldin., 579 U.S. 40, 47 (2016).  On September 9, 2024, the Court denied Plaintiff's earlier request to attend the ENE remotely.  (ECF No. 9.)  The Court explained that in person attendance at ENEs is highly important and leave to attend remotely would not be granted except for extraordinary circumstances.  (Id. at 2.)  Although Plaintiff framed his original request differently from the instant Motion, the Court maintains that he should still appear in person at the ENE.  Nonetheless, the Court is sympathetic to Plaintiff's situation and finds that good cause exists to continue the ENE for a brief period that will ensure Plaintiff is able to attend in person.

Finding good cause, the Court **GRANTS** the Motion and **CONTINUES** the ENE to **September 20, 2024** at **9:30 a.m.**  The Pre-ENE status conference calls set for September 12, 2024 will move forward as planned, and the Court will discuss with the parties whether scheduling adjustments should be made.  All other guidelines in the Court's ENE Order [ECF No. 5] remain unchanged.

**IT IS SO ORDERED**.

Dated:  September 11, 2024

Honorable Michael S. Berg
United States Magistrate Judge